UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARQUITA D. PARKER,

                                    Plaintiff,

v.

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.

Case # 17-CV-252-FPG

DECISION AND ORDER

       Marquita D. Parker ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

       Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 14. For the reasons that follow, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

       On April 10, 2013, Plaintiff protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[1] 166-77. She alleged disability since November 16, 2010 due to pinched nerves in her back and legs and lower-back pain stemming from an injury she suffered while working as a home health aide. Tr. 29, 199. On June 22, 2015, Plaintiff, her daughter, and vocational expert ("VE") Jay Steinbrenner testified at a hearing before Administrative Law Judge

---

[1] References to "Tr." are to the administrative record in this matter.

1

William W. Weir ("the ALJ"). Tr. 38-74. On March 10, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. Tr. 20-32. On March 1, 2017, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. Thereafter, Plaintiff commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

**LEGAL STANDARD**

**I.     District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.    Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ

2

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. 20 C.F.R. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

**I.      The ALJ's Decision**

The ALJ's decision analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Tr. 22.  At step two, the ALJ found that Plaintiff has degenerative disc disease of the lumbar spine status-post microdiscectomy, which constitutes a severe impairment. Tr. 22-24.  At step three, the ALJ found that this impairment did not meet or medically equal a Listings impairment.  Tr. 24.

Next, the ALJ determined that Plaintiff retained the RFC to perform sedentary work[2] with additional limitations.  Tr. 24-30.  Specifically, the ALJ found that Plaintiff can lift and carry no more than ten pounds, bend occasionally, and sit or stand up to two hours at a time. *Id.*

At step four, the ALJ found that this RFC prevents Plaintiff from performing her past relevant work. Tr. 30.  At step five, the ALJ relied on the VE's testimony to determine that Plaintiff can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 31-32.  Specifically, the VE testified that Plaintiff could work as a telephone survey worker or telephone solicitor. Tr. 31.  Accordingly, the ALJ concluded that Plaintiff was not "disabled" under the Act.  Tr. 32.

**II.     Analysis**

Plaintiff argues that remand is required because (1) the RFC determination fails to incorporate her need to lie down throughout the day, inability to sit for six hours out of an eight-

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. §§ 404.1567(a), 416.967(a).

hour workday, and need for absences and "off task time" and; (2) the ALJ's credibility assessment is improper. ECF No. 11 at 8-11. The Court will examine each of these arguments in turn.

A.     **Plaintiff's RFC**

RFC is defined as "what an individual can still do despite his or her limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To determine a claimant's RFC, "the ALJ considers a claimant's physical abilities, mental abilities, symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis." *Id.* (citing 20 C.F.R. § 404.1545(a)); *see also* 20 C.F.R. § 416.945(a). "An RFC finding will be upheld when there is substantial evidence in the record to support each requirement listed in the regulations." *Id.*

According to Plaintiff, the ALJ's RFC finding is not supported by substantial evidence because the ALJ ignored "ample evidence in the record" that she had to lie down frequently to alleviate her back pain. *Id.* at 12. This "ample evidence" includes her own hearing testimony and multiple doctors' reports that supposedly substantiate this claim. *See* Tr. 284-87, 388-92, 612. Plaintiff, however, mischaracterizes these doctors' reports. The reports document Plaintiff's subjective complaints to her providers about her inability to sit for most of the day—not her doctors' opinions regarding the same. *See Burden v. Astrue*, 588 F. Supp. 2d 269, 276 (D. Conn. 2008) ("While a claimant's self-reported symptoms are certainly an essential diagnostic tool, that does not automatically transform them into medical opinion.").

The subjectivity of Plaintiff's evidence does not make it irrelevant. To the contrary, subjective evidence is entitled to "great weight" when supported by objective medical evidence. *Melchior v. Apfel*, 15 F. Supp. 2d 215, 219 (N.D.N.Y. 1998); *see also Simmons v. U.S. R.R.*

*Retirement Bd.*, 982 F.2d 49, 56 (2d Cir. 1992). Here, the ALJ did not summarily disregard Plaintiff's subjective evidence; instead he considered it and ultimately determined that Plaintiff's "complaints suggest a greater severity of symptoms than can be shown by the objective evidence alone." Tr. 29.

In assessing the objective evidence, the ALJ complied with the "treating physician rule," which requires him to give controlling weight to the opinion of Plaintiff's treating physician if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). The ALJ gave controlling weight to the opinions of treating physician Dr. Zair Fishkin who determined that Plaintiff could lift ten pounds and sit for two hours at a time before taking a break, *see* Tr. 565-572, because the ALJ concluded that Dr. Fishkin's assessment was consistent with the record medical evidence.[3] Tr. 30; *see also* 20 C.F.R. §§ 404.1527(c)(4); 416.927(c)(4) (the ALJ will give more weight to an opinion that is consistent with the record as a whole). As the ALJ noted, Dr. Fishkin's opinion as to Parker's lifting and sitting limitations, along with his recommendation that she take a break every two hours, corresponds to the exertional requirements of sedentary work. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."); S.S.R. 96-9p, 1996 WL 374185, at *6 (S.S.A. July 2, 1996) (noting that workdays include breaks and a lunch period).

Additionally, Dr. Fishkin did not mention that Plaintiff would need to be absent from work, so the ALJ reasonably inferred that Plaintiff needed that limitation. *See Diaz v. Shalala*, 59. F.3d

---

[3] The consistent medical evidence in the record includes MRI and EMG test results and observations of other physicians that Plaintiff's pain was minimal. *See* Tr. 25-29.

6

307, 315 (2d Cir. 1995) (ALJ properly relied on the absence of findings in the record regarding the plaintiff's alleged inability to sit); *Samuel v. Comm'r of Soc. Sec.*, 13 Civ. 1939 (BMC), 2014 U.S. Dist. LEXIS 163220, at *4 (E.D.N.Y. June 3, 2014) (the consultative examiner's thorough report concluded only that the plaintiff was restricted from heavy lifting, so the ALJ was permitted to infer that the plaintiff did not have other restrictions).

The ALJ also gave significant weight to Drs. Kogan's and Plunkett's evaluations, which raised serious questions about the biological source of Plaintiff's complaints. Tr. 576 (stating that there was "no clear explanation" for "why [Plaintiff] should have a cord syndrome" and that Plaintiff may need a "neurologic evaluation" in the future). Additionally, the ALJ gave "some weight" to the opinion of consultative examiner Dr. Donna Miller, who examined Plaintiff and determined that she had a "mild to moderate limitation for heavy lifting, bending, and carrying." Tr. 28.

The ALJ also considered Plaintiff's daily activities and found that they were not limited. *See* Tr. 23, 25. These activities include attending school to be a medical assistant, walking for exercise, cooking and cleaning, and using public transportation. *See* Tr. 210-13. The Second Circuit has found these activities compatible with the demands of light work—a less restrictive exertional category than the sedentary work category to which the ALJ assigned Plaintiff. *See Cichocki v. Astrue,* 729 F.3d 172, 178 (2d Cir. 2013).

After reviewing the ALJ's decision, the evidence he relied on, and other record evidence, the Court finds that the ALJ's decision was based on substantial evidence, and that Plaintiff has not met her burden[4] to show that her RFC is more limited than that found by the ALJ. *See Proper*

---

[4] In her reply brief, ECF No. 15, Plaintiff argues that the ALJ did not duly consider treating specialists' opinions that she was 75% disabled. However, the ALJ expressly discounted those opinions because they were "based on NYS Workers Compensation Board standards, rather than Social Security disability standards." Tr. 30.

*v. Astrue*, Civ. No. 6:10-cv-1221 (GTS/DEP), 2012 WL 1085812, at *13 (N.D.N.Y. Feb. 28, 2012).

### B. Credibility Determination

"The ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *Jackson v. Astrue*, No. 1:05-CV-01061 (NPM), No. 1:05-CV-01061 (NPM), 2009 WL 3764221, at *7 (N.D.N.Y. Nov. 10, 2009) (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)). The ALJ's credibility findings "must be set forth with sufficient specificity to permit intelligible plenary review of the record." *Phelps v. Colvin*, 20 F. Supp. 3d 392, 403 (W.D.N.Y. 2014) (quotation marks and citation omitted).

"[T]he court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain" if the finding is supported by substantial evidence. *Jackson*, 2009 WL 3764221, at *7 (quotation marks and citation omitted). "It is the function of the Commissioner, not the reviewing court, to 'resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant.'" *Id.* (quoting *Caroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

The ALJ must consider all of the claimant's statements about her symptoms and how those symptoms affect her daily activities and ability to work. 20 C.F.R. §§ 404.1529, 416.929 (effective June 13, 2011 to Mar. 26, 2017). However, the claimant's statements about her symptoms will not alone establish disability. *Id.* Thus, the ALJ must follow a two-step process when considering the claimant's alleged symptoms and their effect on her ability to work. The ALJ must first consider whether the medical evidence shows any impairment that "could reasonably be expected to produce the pain or other symptoms alleged[.]" *Id.* at §§ 404.1529(a), 416.929(a). If such an

impairment is shown, the ALJ must evaluate the "intensity and persistence" of the claimant's symptoms to determine the extent to which they limit her work capacity. *Id.* at §§ 404.1529(c)(1), 416.929(c)(1).

When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate symptoms; (5) other treatment received to relieve symptoms; (6) any measures the claimant has taken to relieve symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to symptoms. *Id.* at §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of these symptoms were "not credible in light of the medical evidence." Tr. 29. Specifically, the ALJ took issue with the fact that Plaintiff declined surgery and did not use her prescribed TENS machine even though the claimant alleged pain at a level of 10/10. The ALJ's criticism is valid, as an "individual's statements may be less credible if . . . the medical reports or records show that the individual is not following the treatment as prescribed." S.S.R. 96-7p, 1996 WL 374186, at *7 (S.S.A. July 2, 1996);[5] *see also* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v) (the ALJ is entitled to consider treatment received to relieve pain or other symptoms).

---

[5] S.S.R. 96-7p was superseded by S.S.R. 16-3p, which became effective on March 28, 2016. S.S.R. 96-7p, however, remains the relevant guidance for the purposes of Parker's claim, which was decided on March 10, 2016. *See Bailey v. Colvin*, No. 1:15-CV-00991 (MAT), 2017 WL 149793, at *5 n.2 (W.D.N.Y. Jan. 14, 2017).

Plaintiff counters that she did not use the TENS machine because it was ineffective and that she declined surgery because she had a ten-year-old child at home. However, Plaintiff told doctors that the TENS machine helped a little and never complained that it was ineffective. *See* Tr. 388. Additionally, she had surgery in the past,[6] when her children were even younger, so the ALJ questioned the credibility of Plaintiff's statement that she did not want surgery to interfere with childcare duties. Furthermore, the ALJ found her stated reason for declining surgery to conflict with her previous statements that she did not do significant childcare. Tr. 29. It was appropriate for the ALJ to note this inconsistency in Plaintiff's statements, as a "strong indication of the credibility of an individual's statements is their consistency." S.S.R. 96-7p, 1996 WL 374186, at *5. It is the ALJ's duty to "compare statements made by the individual in connection with his or her claim for disability benefits with statements he or she made under other circumstances, when such information is in the case record," as the ALJ did here. *Id.*

After reviewing the record and the ALJ's credibility analysis, the Court finds that the latter is supported by substantial evidence.

## CONCLUSION

The Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

---

[6] Although the Court is uncertain that Plaintiff's reticence over additional surgery undermines her credibility, the ALJ's reasoning in believing so was rational. If "evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

IT IS SO ORDERED.

Dated: August 29, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court